439 F.2d 1092
 Annie F. MERRIWEATHER, Individually and on behalf of all others similarly situated, Plaintiff-Appellee,
v.
William H. BURSON, Director, State Department of Family and Children Services, Defendant-Appellant.
 No. 29760.
 United States Court of Appeals, Fifth Circuit.
 March 22, 1971.
 
 Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Robert J. Castellani, John W. Hinchey, Asst. Attys. Gen., for defendant-appellant.
 Michael H. Terry, Ralph L. Jacobson, Atlanta, Ga., for plaintiff-appellee.
 Before RIVES, GOLDBERG, and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Annie F. Merriweather, filed this complaint as a class action against the Georgia Department of Family and Children Services, alleging that she had been denied due process of law by that department when her welfare payments were terminated without a hearing on April 1, 1970. She sought an injunction prohibiting the department from terminating or reducing welfare payments to her or members of her class who have not been given a full evidentiary hearing prior to the decision to terminate or reduce their benefits.
 
 
 2
 At a hearing held before the district court it was agreed by both sides that the Supreme Court's decision in Goldberg v. Kelly, 1970, 397 U.S. 254, 90 S. Ct. 1011, 25 L.Ed.2d 287, requiring a prior hearing, was controlling as to those persons whose benefits had been terminated. The department, however, disputed the applicability of Goldberg to those persons whose benefits had not been terminated but had simply been reduced.
 
 
 3
 The district court held that there was no substantial distinction between reduction and termination which would warrant applying a different rule to each. Accordingly, the court enjoined the department from terminating or reducing the aid of any public assistance recipient prior to granting him reasonable and adequate notice and opportunity for a hearing which satisfies the standards of due process of law set out in Goldberg v. Kelly, supra. The department appealed from this decision.
 
 
 4
 After the district court made its determination in the instant case the United States Supreme Court rendered its opinion in Daniel v. Goliday, 1970, 398 U.S. 73, 90 S.Ct. 1722, 26 L.Ed.2d 57. In Daniel the Supreme Court said:
 
 
 5
 "The court below has held that the Due Process Clause of the Fourteenth Amendment requires a State to provide a recipient of public welfare benefits with notice and a hearing prior to `termination, suspension, or reduction' of benefits. This Court's subsequent decisions in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287, and Wheeler v. Montgomery, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307, dealt only with termination and suspension, not reduction, of benefits. We think that the bearing of those decisions on the treatment of benefit reductions should be determined in the first instance by the District Court on a record developed by the parties with specific attention to that issue. Accordingly, the judgment is vacated and the case is remanded to the District Court for further proceedings in conformity with this opinion."
 
 
 6
 The posture of this case has thus been completely changed by an intervening Supreme Court decision. Goldberg, of course, clearly supports that portion of the district court's order which deals with terminees. We therefore must affirm the injunction issued below in part. However, we think that in light of Daniel that portion of the order which deals with reducees must be remanded to the district court. As we understand the Daniel opinion the Court there required that the district court determine from an evidentiary hearing whether reducees in that particular case were subjected to the potential burdens found in Goldberg to require a pre-termination hearing. While the district court here found that reducees were equivalent to terminees, that finding was not based upon the type of evidentiary hearing required in Daniel. Since the district court did not hold an evidentiary hearing on the applicability of Goldberg to these reducees, we must remand for that purpose.
 
 
 7
 In view of the Supreme Court's holding in Daniel that reducees may not be equivalent to terminees, two additional questions arise in this case. First, the district court must determine the propriety of plaintiff, a terminee, continuing to represent a class which is now limited to reducees. Second, since there is a substantial constitutional issue which the Supreme Court in Daniel found was not resolved by Goldberg, the district court must determine whether or not this case is one which must be initially decided by a three-judge court under 28 U.S.C.A. § 2281.
 
 
 8
 Affirmed in part, remanded in part.